# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

DERRICK PEACE, )
 )
 Petitioner, )
 )
 vs. ) Case No. 13-0607-CV-W-BCW-P
 )
LARRY DENNEY, )
 )
 Respondent. )

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Derrick Peace, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 6, 2013, seeking to challenge his 2008 convictions and sentences for second degree murder, first degree assault, and two counts of armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri.

The petition raises three grounds for relief: (1) that the trial court erred in denying petitioner's motion to suppress his statement given to a detective; (2) that the trial court erred in sentencing him to four 25-year terms, thereby violating a plea agreement which included sentences of no more than three years imprisonment on two of the counts against him; and (3) that the "motion court clearly erred in denying petitioner's Rule 29.15 motion after an evidentiary hearing because petitioner established that his trial attorney failed to exercise diligence when his attorney failed to investigate and call his neighbors Veatrice and Monique to testify in his defense at trial."

Respondent contends that grounds 1 and 3 are without merit, and ground 2 is moot. The court notes that ground 1 also is procedurally defaulted.

# SUMMARY OF THE FACTS

On appeal from the denial of his Rule 29.15 motion, the Missouri Court of Appeals summarized the facts as follows:

> On October 9, 2007, Peace shot two victims, Phillip Pleasant and Tamara Graham, as they sat in a parked car so that he could steal their money. Pleasant died. Due to her injuries, Graham is now confined to a nursing home and cannot speak or breathe on her own, requires a feeding tube, and cannot move at all.
>
> The incident arose after Peace and his nephew, Leortez McCray, saw Pleasant pull out a lot of money from his pocket. Peace tried to convince McCray to rob and shoot Pleasant and Graham. When McCray was too scared, Peace said he would do it himself. McCray gave Peace a gun. McCray testified that Peace got into the car with the victims and shot them and that he and Peace split the stolen money. McCray moved the car, a friend discarded the gun, and at Peace's direction, McCray tried to burn Peace's clothes.
>
> On November 8, 2007, McCray told the police that Peace was the shooter. Peace was arrested in Kansas about two and a half weeks after the shooting. Peace confessed on videotape to shooting Pleasant and Graham. Peace later pleaded not guilty and proceeded to trial.
>
> Relevant to this appeal, Peace testified in his own defense at a bench trial. He testified that he was standing down the block, seven or so houses away, at the time of the shooting, talking to a woman named "Veatrice" or "Beatrice," who went by "Vea." Peace testified that he heard a scream and three or four gunshots and that he then went to the place of the shooting. He testified that he saw McCray leaning over Pleasant and that McCray confessed to him. Peace also testified that he confessed to the police to save McCray (his younger cousin) from imprisonment and later he changed his mind after he realized he might face a life sentence.

(Doc. No. 8, Ex. 9, pp. 4-5).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham

v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

### GROUND 1

In ground 1, petitioner contends that trial court erred in admitting his incriminating statement as evidence because he did not waive his Fifth Amendment right to remain silent. This ground is procedurally defaulted. In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record shows that, although petitioner presented this ground in his amended Rule 29.15 motion, petitioner did not raise it on appeal from the denial of that motion. Therefore, this claim is procedurally defaulted and may not be reviewed by this Court unless

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner does not present any valid explanation for why this ground was not pursued on appeal from the denial of his amended Rule 29.15 motion. Therefore, he has failed to demonstrate cause for his procedural default. As a result, we do not consider prejudice. The Court, however, can still reach the merits of his claims if petitioner can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence . . . that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id., citing Schlup v. Delo, 513 U.S. 298 (1995). Petitioner fails to make this showing.

Petitioner has failed to show cause for his default of ground 1. He does not show that a manifest injustice will occur if this ground is not reviewed on the merits, and he has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of ground 1 is barred.

Ground 1 is denied.

## GROUND 2

In ground 2, petitioner contends that trial court erred in sentencing him to two 25-year terms in prison, notwithstanding a proposed plea bargain with the state indicating a sentence of no more than three years for each of the two counts of armed criminal action.

On March 8, 2012, the Jackson County Circuit Court resentenced Peace to serve three

years for each count of armed criminal action. (Doc. No. 8, Ex. 11, pp. 1-2). Therefore, this ground is moot.

Ground 2 is denied.

## **GROUND 3 – INEFFECTIVE ASSISTANCE OF COUNSEL**

In ground 3, petitioner contends that the "motion court clearly erred in denying petitioner's Rule 29.15 motion after an evidentiary hearing because petitioner established that his trial attorney failed to exercise diligence when his attorney failed to investigate and call his neighbors Veatrice and Monique to testify in his defense at trial."

Strickland v. Washington, 466 U.S. 668, 694-95 (1984); Schaeffer v. Black, 774 F.2d 865, 867 (8th Cir. 1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

On appeal from the denial of his Rule 29.15 motion, the Missouri Court of Appeals disposed of petitioner's claims as follows:

### Standard of Review

> "To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test." *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). "First, the movant must show that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "Second, the movant must show that trial counsel's failure prejudiced the defendant." *Id.* The court, however, is not required to consider both prongs; if a movant fails to establish either prong, the court is not required to consider the second. *Williams v. State*, 205 S.W.3d 300,

305 (Mo. App. W.D. 2006) (citation omitted).

In determining whether the motion court erred in denying Peace's motion for post-conviction relief, our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). "Error is clear when the record definitely and firmly indicates that the circuit court made a mistake." *Gerlt v. State*, 339 S.W.3d 578, 582 (Mo. App. W.D. 2011). "It is well settled under Missouri law that there is a strong presumption that trial counsel was effective." *Hurst v. State*, 301 S.W.3d 112, 117 (Mo. App. E.D. 2010).

## Analysis

In his sole point on appeal, Peace argues that his trial counsel was ineffective for failing to investigate and call Veatrice and another neighbor, Monique, in his defense at trial. Specifically, Peace argues that those witnesses could have been located at the time of trial through reasonable investigation, that they would have provided him with a viable defense, and that there was a reasonable probability that the result would have been different had they testified at trial.

Peace contends that Veatrice and Monique would have testified that they saw Peace down the street at the house of another neighbor, Regina Griswold, at the time of the shooting. Peace also argues that he told his trial counsel how to find Veatrice and Monique, because they lived next door to Griswold.

In *Deck v. State*, our Supreme Court set out the considerations for not calling a witness:

> Counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise. *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo. banc 2004). To prevail on a claim of ineffective assistance of counsel for failure to call a witness, a defendant must show that: (1) counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense. *Id.*; *State v. Harris*, 870 S.W.2d 798,

817 (Mo. banc 1994).

No. SC91746, 2012 WL 2754211, at *4 (Mo. banc July 03, 2012).

In the case at bar, Peace failed to establish the second, third and fourth prongs of the *Deck* analysis. As to the first prong, trial counsel testified that Peace asked her to contact Veatrice and Monique and other neighbors, who might help with the defense.

But Peace failed to establish the second prong, whether the witness could be located through reasonable investigation. Here, counsel testified that she talked with an elderly neighbor who knew Peace but did not know of the shooting. Counsel also talked with Regina Griswold, who supposedly lived next door to Veatrice and Monique. Griswold told counsel that she did not know Peace at all. When asked at the evidentiary hearing whether she was able to contact Veatrice or Monique, trial counsel responded, "No." Peace testified that Veatrice was known as Vea, but also said her name may have been Beatrice. He was unaware of either Veatrice or Monique's last name. The motion court was free to believe counsel that she was unable to contact Veatrice and/or Monique, and this court will not challenge the credibility determinations of the motion court as it is in the best position to make such observations. *Forest v. State*, 290 S.W.3d 704, 715 (Mo. banc 2009). *See also Ervin v. State*, 80 S.W. 3d 817 (Mo. banc 2002) (counsel's "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments"; counsel's failure to pursue investigations that defendant has given counsel reason to believe would be fruitless may not later be challenged as unreasonable) (quoting *Strickland*, 466 U.S. at 691).

As to the third prong from *Deck*, Peace did not establish that either witness would have testified at trial: neither purported witness even testified at the evidentiary hearing. And as to the fourth prong of *Deck*, Peace did not establish that either witness would have produced a viable defense. All we have is Peace's testimony as to what he thinks these witnesses might have testified to if they had been located and if they had been willing to testify. Peace has failed to prove that these two individuals even exist.

In short, Peace has not shown that his trial counsel's performance was defective under the first prong of *Strickland*. The motion court did not clearly err in denying relief under Rule 29.15. Point denied.

(Doc. No. 8, Ex. 9, pp. 3-6).

The resolution of ground 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2] Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that counsel was not ineffective.

Ground 3 is denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

      /s/ Brian C. Wimes  
BRIAN C. WIMES  
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: May 28, 2014.