UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DERRICK PEACE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 13-0607-CV-W-BCW-P |
| ) | |
| LARRY DENNEY, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, Derrick Peace, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 6, 2013, seeking to challenge his 2008 convictions and sentences for second degree murder, first degree assault, and two counts of armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri.

The petition raises three grounds for relief: (1) that the trial court erred in denying petitioner's motion to suppress his statement given to a detective; (2) that the trial court erred in sentencing him to four 25-year terms, thereby violating a plea agreement which included sentences of no more than three years imprisonment on two of the counts against him; and (3) that the "motion court clearly erred in denying petitioner's Rule 29.15 motion after an evidentiary hearing because petitioner established that his trial attorney failed to exercise diligence when his attorney failed to investigate and call his neighbors Veatrice and Monique to testify in his defense at trial." Respondent contends that grounds 1 and 3 are without merit, and ground 2 is moot.

**SUMMARY OF THE FACTS**

On appeal from the denial of his Rule 29.15 motion, the Missouri Court of Appeals summarized the facts as follows:

> On October 9, 2007, Peace shot two victims, Phillip Pleasant and Tamara

> Graham, as they sat in a parked car so that he could steal their money. Pleasant died. Due to her injuries, Graham is now confined to a nursing home and cannot speak or breathe on her own, requires a feeding tube, and cannot move at all.
>
> The incident arose after Peace and his nephew, Leortez McCray, saw Pleasant pull out a lot of money from his pocket. Peace tried to convince McCray to rob and shoot Pleasant and Graham. When McCray was too scared, Peace said he would do it himself. McCray gave Peace a gun. McCray testified that Peace got into the car with the victims and shot them and that he and Peace split the stolen money. McCray moved the car, a friend discarded the gun, and at Peace's direction, McCray tried to burn Peace's clothes.
>
> On November 8, 2007, McCray told the police that Peace was the shooter. Peace was arrested in Kansas about two and a half weeks after the shooting. Peace confessed on videotape to shooting Pleasant and Graham. Peace later pleaded not guilty and proceeded to trial.
>
> Relevant to this appeal, Peace testified in his own defense at a bench trial. He testified that he was standing down the block, seven or so houses away, at the time of the shooting, talking to a woman named "Veatrice" or "Beatrice," who went by "Vea." Peace testified that he heard a scream and three or four gunshots and that he then went to the place of the shooting. He testified that he saw McCray leaning over Pleasant and that McCray confessed to him. Peace also testified that he confessed to the police to save McCray (his younger cousin) from imprisonment and later he changed his mind after he realized he might face a life sentence.

(Doc. No. 8, Ex. 9, pp. 4-5).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

factual conclusions.

# GROUND 1

In Ground 1, petitioner contends that trial court erred in admitting his incriminating statement as evidence because he did not waive his Fifth Amendment right to remain silent. On direct appeal, the Missouri Court of Appeals disposed of petitioner's claim, as follows:

### Point I: Suppression of the Statement

> Peace argues that his objection to the admission of the statement he made to the detectives on December 13, 2007, should have been sustained because he was misled about the purpose of their interrogation and the detectives failed to honor his request for counsel. Thus, he argues that he did not knowingly, voluntarily and intelligently relinquish his known rights and privileges and abandon his right to remain silent. *See Edwards v. Arizona*, 541 U.S. 477, 483 (1981).

> *Standard of Review*

> Because defense counsel filed a pretrial motion to suppress and made timely objections during trial, this issue is preserved for appellate review. *State v. Wolf*, 91 S.W.3d 636, 642 (Mo. App. 2002). Appellate review of the trial court's decision to exclude evidence is limited to a determination of whether there was substantial evidence to support the ruling. *State v. Rousan*, 961 S.W. 2d 831, 845 (Mo. banc 1998). In making this determination, the court reviews both the record of the suppression hearing, if any, and the evidence presented at trial. *State v. Deck*, 994 S.W. 2d 527, 534 (Mo. banc 1999). This court views the evidence and any reasonable inferences therefrom in the light most favorable to the trial court's ruling and defers to the trial court's determination as to the credibility of witnesses. *Rousan*, 961 S.W. 2d at 845.

> The State offered evidence that Peach waived his right to counsel and voluntarily participated in the interrogation. The question of waiver is one of fact, and the trial court's finding of fact concerning waiver will not be overturned unless clearly erroneous. *State v. Powell*, 798 S.W. 2d 709, 713 (Mo. banc 1990). However, reviewing "'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights." *State v. Bucklew*, 973 S.W. 2d 83, 90 (Mo. banc 1998)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), *cert. denied*, 525 U.S. 1082 (1999). In an appeal from a refusal to exclude evidence after a motion to suppress, "all evidence bearing on the question presented, both at the motion hearing and at trial, may be considered." *State v. Hunter*, 783 S.W. 2d 493, 494 (Mo. App. 1990).

*Waiver of Rights*

Peace attacks the voluntariness of the waiver of his right to remain silent and to be provided counsel during the police interrogation that resulted in his confession. First, Peace argues that he was misled about the purpose of the detectives' interrogation. Peace states that Detective Heinen did not tell Peace why he wanted to speak with him until after Peace had already signed the *Miranda* waiver form and agreed to talk to the detective. Peace testified at trial that, at the time he signed the *Miranda* waiver, he understood that it waived his "rights to talk." Peace said that, after the detectives told him that they were homicide detectives, he requested an attorney but that he continued to talk "because he didn't have [anything] to hide." Peace's argument that he was misled does not avail. If one is informed of and understands "his right to remain silent under *Miranda*, and thereafter makes voluntary statements," it cannot be said that such person has not waived his right to remain silent. *See Bucklew*, 973 S.W.2d at 90.

Second, Peace argues that the detectives failed to honor his request for counsel. A waiver of counsel "must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in each case 'upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Edwards*, 451 U.S. at 482 (quoting *Johnson*, 304 U.S. at 464). According to Peace's testimony at trial, he told the detectives that "if you know that I did it, then prove it, tell it to my lawyer." Peace also testified that, "after I had told him that I wanted to talk to my lawyer, they just continued to keep talking" and that one of the detectives told Peace he was "going down" and was lying.

The evidence in the case presented issues for the trial judge as fact finder. The court was not required to believe Peace's version. [f.n. 4]. In *State v. Jackson*, the defendant argued similarly that he was questioned without being given a *Miranda* warning and that his requests for an attorney went unheeded. 248 S.W. 3d 117, 122 (Mo. App. 2008). That testimony was disputed by the police officers who interrogated him. *Id*. The trial court found the officers' testimony credible. The reviewing court deferred to that determination and rejected that portion of the appellant-defendant's argument. *Id*. (citing *Rousan*, 961 S.W.2d at 845).

> [f.n. 4] Even if one were to credit Peace's testimony and subjective intent, one might not necessarily conclude, depending on context, that he made an objective request for an attorney. Under *State v. Reese*, the "mere mention of counsel by the defendant is not sufficient to preclude further police questioning. There must be a request." 795 S.W. 2d 69, 73 (Mo. banc 1990). Here, one might

> note the ambiguity of Peace's alleged request to "tell it to my lawyer," combined with his apparent willingness to speak to the authorities (evidenced by the video recording). *See id.* (citing *Connecticut v. Barrett*, 479 U.S. 523, 529 (1987).
>
> Viewed in the light most favorable to the verdict, the State proved that Peace's rights were not violated. *See Rousan*, 961 S.W.2d at 845. Before he was questioned, Peace signed and read aloud a *Miranda* waiver. At trial, he said that he understood what a *Miranda* waiver was. He acknowledged that he had signed one previously. He also kept talking to the detectives even after he knew that they were interrogating him about the homicide, and his recorded confession took place after the detectives revealed that they were homicide detectives. Peace did not claim that the detectives even told him that the purpose of the interview was the parole violation. Detective Heinen testified that Peace never asked for an attorney and the he would have stopped interrogation immediately had Peace made that request. The trial court found the testimony of Detective Heinen credible, concluding that Peace did not invoke his right to an attorney.
>
> We hold that the trial court did not err in admitting Peace's confession to the detectives.

(Respondent's Exhibit "B," – Doc. No. 8, Attachment 3 – pp. 6 through 9).

The resolution of Ground 1 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).[2]

Ground 1 is denied.

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413, 120 S.Ct. at 1523.

## GROUND 2

In ground 2, petitioner contends that trial court erred in sentencing him to two 25-year terms in prison, notwithstanding a proposed plea bargain with the state indicating a sentence of no more than three years for each of the two counts of armed criminal action.

On March 8, 2012, the Jackson County Circuit Court resentenced Peace to serve three years for each count of armed criminal action. (Doc. No. 8, Ex. 11, pp. 1-2). Therefore, this ground is moot.

Ground 2 is denied.

## GROUND 3 – INEFFECTIVE ASSISTANCE OF COUNSEL

In ground 3, petitioner contends that the "motion court clearly erred in denying petitioner's Rule 29.15 motion after an evidentiary hearing because petitioner established that his trial attorney failed to exercise diligence when his attorney failed to investigate and call his neighbors Veatrice and Monique to testify in his defense at trial."

Strickland v. Washington, 466 U.S. 668, 694-95 (1984); Schaeffer v. Black, 774 F.2d 865, 867 (8th Cir. 1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 29.15 motion, the Missouri Court of Appeals disposed of petitioner's claims as follows:

### Standard of Review

> "To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must satisfy a two-prong test." *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). "First, the movant must show that his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "Second, the movant must show that trial counsel's

failure prejudiced the defendant." *Id.* The court, however, is not required to consider both prongs; if a movant fails to establish either prong, the court is not required to consider the second. *Williams v. State*, 205 S.W.3d 300, 305 (Mo. App. W.D. 2006) (citation omitted).

In determining whether the motion court erred in denying Peace's motion for post-conviction relief, our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). "Error is clear when the record definitely and firmly indicates that the circuit court made a mistake." *Gerlt v. State*, 339 S.W.3d 578, 582 (Mo. App. W.D. 2011). "It is well settled under Missouri law that there is a strong presumption that trial counsel was effective." *Hurst v. State*, 301 S.W.3d 112, 117 (Mo. App. E.D. 2010).

*Analysis*

In his sole point on appeal, Peace argues that his trial counsel was ineffective for failing to investigate and call Veatrice and another neighbor, Monique, in his defense at trial. Specifically, Peace argues that those witnesses could have been located at the time of trial through reasonable investigation, that they would have provided him with a viable defense, and that there was a reasonable probability that the result would have been different had they testified at trial.

Peace contends that Veatrice and Monique would have testified that they saw Peace down the street at the house of another neighbor, Regina Griswold, at the time of the shooting. Peace also argues that he told his trial counsel how to find Veatrice and Monique, because they lived next door to Griswold.

In *Deck v. State*, our Supreme Court set out the considerations for not calling a witness:

> Counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise. *Hutchison v. State*, 150 S.W.3d 292, 304 (Mo. banc 2004). To prevail on a claim of ineffective assistance of counsel for failure to call a witness, a defendant must show that: (1) counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense. *Id.*; *State v. Harris*, 870 S.W.2d 798, 817 (Mo. banc 1994).

No. SC91746, 2012 WL 2754211, at *4 (Mo. banc July 03, 2012).

> In the case at bar, Peace failed to establish the second, third and fourth prongs of the *Deck* analysis. As to the first prong, trial counsel testified that Peace asked her to contact Veatrice and Monique and other neighbors, who might help with the defense.
>
> But Peace failed to establish the second prong, whether the witness could be located through reasonable investigation. Here, counsel testified that she talked with an elderly neighbor who knew Peace but did not know of the shooting. Counsel also talked with Regina Griswold, who supposedly lived next door to Veatrice and Monique. Griswold told counsel that she did not know Peace at all. When asked at the evidentiary hearing whether she was able to contact Veatrice or Monique, trial counsel responded, "No." Peace testified that Veatrice was known as Vea, but also said her name may have been Beatrice. He was unaware of either Veatrice or Monique's last name. The motion court was free to believe counsel that she was unable to contact Veatrice and/or Monique, and this court will not challenge the credibility determinations of the motion court as it is in the best position to make such observations. *Forest v. State*, 290 S.W.3d 704, 715 (Mo. banc 2009). *See also Ervin v. State*, 80 S.W. 3d 817 (Mo. banc 2002) (counsel's "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments"; counsel's failure to pursue investigations that defendant has given counsel reason to believe would be fruitless may not later be challenged as unreasonable) (quoting *Strickland*, 466 U.S. at 691).
>
> As to the third prong from *Deck*, Peace did not establish that either witness would have testified at trial: neither purported witness even testified at the evidentiary hearing. And as to the fourth prong of *Deck*, Peace did not establish that either witness would have produced a viable defense. All we have is Peace's testimony as to what he thinks these witnesses might have testified to if they had been located and if they had been willing to testify. Peace has failed to prove that these two individuals even exist.
>
> In short, Peace has not shown that his trial counsel's performance was defective under the first prong of *Strickland*. The motion court did not clearly err in denying relief under Rule 29.15. Point denied.

(Doc. No. 8, Ex. 9, pp. 3-6).

The resolution of Ground 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as

amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, supra. Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that counsel was not ineffective.

Ground 3 is denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is **DENIED**;

(2) this case is **DISMISSED** with prejudice; and

(3) the issuance of a certificate of appealability is **DENIED**.

/s/ Brian C. Wimes
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: November 24, 2015.